958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Leopold ACKERMAN, II, AKA Lee Ackerman, Debtor.
Leopold ACKERMAN, II, a/k/a/ Lee Ackerman, Debtor-Appellant,
v.
CITIBANK (Arizona), an Arizona banking corporation, Creditor-Appellee.
 No. 91-15007.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1992.
Decided March 26, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leopold Ackerman correctly concedes that resolution of the legal issues raised in his appeal are controlled by In re Reed, slip op. No. 90-15874 (9th Cir. Dec. 11, 1991) and Pitrat v. Garlikov, 947 F.2d 419 (9th Cir.1991). As explained in In re Reed, the Arizona statute that purports to exempt pension benefits from the property of a debtor, A.R.S. § 33-1126(B), is preempted by ERISA because it is sufficiently "relate[d] to" an ERISA Plan. In re Reed, slip op. at 15975; see also Pitrat, 947 F.2d at 427. Further, Bankruptcy Code § 522(b) does not "federalize" A.R.S. § 33-1126(B), thereby saving it from preemption. In re Reed, slip op. at 15976-77. Ackerman's third contention, that ERISA § 206(d)(1) is "other federal law" under Bankruptcy Code § 522(b)(2)(A), has also been rejected by this Circuit. In re Reed slip op. at 15976; In re Daniel, 771 F.2d 1352, 1360 (9th Cir.1985).
 
 
 3
 Finally, Ackerman argues that his pension plan is a valid spendthrift trust and thus is excludable from his bankruptcy estate. Under Bankruptcy Code § 541(c)(2) "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title." For Ackerman's pension fund to be excluded from the bankruptcy estate under § 541(c)(2), the fund must qualify as a valid spendthrift trust under Arizona law. In re Kincaid, 917 F.2d 1162, 1166 (9th Cir.1990).
 
 
 4
 Ackerman does not dispute Citibank's claim that he had unfettered access to the money in his pension benefit plan. The only restriction on Ackerman's access was a corporate resolution stating that borrowed funds had to be repaid. For a fund to qualify as a valid spendthrift trust, the beneficiary must not have immediate and unrestricted access to the principal. See In re Kaplan, 97 Bankr. 572, 577 (Bankr. 9th Cir.1989); Restatement (2d) of Trusts §§ 152, Comment m; 153(2) (1959). Because Ackerman could, and in fact did, invade the retirement account without restriction, the pension fund is not a valid spendthrift trust, and may not be excluded from his bankruptcy estate.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3